Stephen **WOODRUFF** and Randy
Woodruff, Appellants,

v.

Clayton **McMILLAN** and Katherine
Elizabeth McMillan, Respondents.

No. WD 39748.

Missouri Court of Appeals,
Western District.

June 28, 1988.

James T. Holcomb, Trenton, for appellants.

Allan D. Seidel, Trenton, for respondents.

Before MANFORD, J., Presiding, and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

Stephen and Randy Woodruff appeal from the trial court's grant of a motion for summary judgment in favor of Clayton and Katherine Elizabeth McMillan, who alleged that the Woodruffs' action constituted a compulsory counterclaim and was barred by Rule 55.32(a). The judgment is affirmed.

In 1979, Stanley and Elizabeth Woodruff purchased a large tract of farmland from Clayton and Katherine McMillan. The McMillans carried a large portion of the purchase price by a promissory note which was executed by Stanley and Elizabeth Woodruff and secured by a deed of trust. Stanley and Elizabeth Woodruff formed a farming partnership with their sons, Stephen and Randy Woodruff, who thereafter lived on the farm and conducted cattle and row crop farming operations there.

In 1985, Stanley and Elizabeth Woodruff were unable to make their annual note payment. They requested that the McMillans forbear any action to collect the amount due or to accelerate payments under the note. The McMillans allegedly agreed that they would not accelerate payments or foreclose before the end of the crop year, thus permitting the Woodruffs to continue their farming operations. In the late summer of 1985, the McMillans commenced foreclosure proceedings. Stanley and Elizabeth Woodruff filed a petition in bankruptcy. The McMillans obtained relief from the automatic stay and foreclosed on October 30, 1985.

On December 2, 1985, the McMillans filed an action in ejectment to recover possession of the farm and damages for unlawful withholding of possession. All four Woodruffs were named defendants in that action. The Woodruffs' responsive pleading merely denied that the McMillans were entitled to possession.

The McMillans' ejectment action was dismissed by the court with prejudice for want of prosecution on September 22, 1986.

On April 21, 1987, Stephen and Randy Woodruff filed a petition alleging that the McMillans had breached an agreement of forebearance. The Woodruffs claimed that they had obtained financing, purchased cattle, and planted various crops in reliance upon the McMillans' agreement not to accelerate payments or foreclose. The petition also alleged that the McMillans' commencement of foreclosure proceedings had caused Stephen and Randy Woodruff prematurely to discontinue their farming partnership, vacate their homes and seek other employment. They claimed actual damages of $31,361.00 and requested $200,000.00 in punitive damages.

The McMillans filed a motion for summary judgment asserting that the petition filed by Stephen and Randy Woodruff alleged matters which constituted a compulsory counterclaim in the previous ejectment action by the McMillans. The motion asserted that, because the Woodruffs failed to counterclaim for damages in the previous action, the dismissal of that action with prejudice operated to bar any separate action for damages. The trial court granted the motion.

On appeal the issues are matters of law; there are no genuine issues of material fact. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c) and (h); *Chapman v. Auto–Owners Mut. Ins. Co.*, 684 S.W.2d 335, 336 (Mo.App. 1985).

The Woodruffs first assert that their claim did not arise out of the same transaction or occurrence that was the subject matter of the McMillans' ejectment action. The question is whether the Woodruffs' claim against the McMillans may survive although it was not pled as a counterclaim in the ejectment action filed by the McMillans against the Woodruffs.

■ Rule 55.32(a), with certain exceptions which are not applicable in this case, requires a party to state any claim it may have "against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Failure to assert a mandatory counterclaim forever bars the claimant from having the claim heard. *Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 813 (Mo.App.1982). The Woodruffs seek to avoid the bar of Rule 55.32(a) by making a number of factual assertions regarding the relationships between the parties. They suggest that, although the subject matter of the two suits involves the same tract of real estate, the two suits are based upon entirely different relationships between the parties. The Woodruffs emphasize that they were not parties to the purchase of the property, to the agreement to forbear foreclosure, or to the subsequent foreclosure proceedings. They state that they had no contractual relationship with the McMillans. They further state that their petition for breach of agreement is based upon their status as third party beneficiaries of an agreement between their parents and the McMillans. They argue that, because the ejectment action concerned only the issue of the McMillans'

post-foreclosure right to possession, the action did not encompass the Woodruffs' third party beneficiary claims which arose out of the agreement to forbear foreclosure. The Woodruffs do not present any argument or authority to show that their assertions remove their claim from the operation of the rule.

In *State ex rel. J.E. Dunn, Jr. & Assoc., Inc. v. Schoenlaub*, 668 S.W.2d 72 (Mo. banc 1984), the Missouri Supreme Court explained the scope of Rule 55.32:

The clear function of the rule is to serve as 'a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims.' It is not necessary that the opposing claims be conditional upon each other. And the term 'subject matter' does not ... limit the scope of compulsory counterclaims to only those claims which are of the same nature or seek the same relief. Rather, the subject matter of the opposing party's action more appropriately 'describes the physical facts, the things real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted.' Obviously, then, 'transaction' within the meaning of Rule 55.32 is to be applied in its broadest sense.

668 S.W.2d at 75 (citations omitted).

The Woodruffs cite *J.E. Dunn* in support of their argument. The case involved an omitted counterclaim which was held to be barred because it arose out of the same contract that had formed the subject matter of a previous suit. The Woodruffs argue that the claim at issue in the present case is more remote from the prior action than the claim barred in *J.E. Dunn*. While the Woodruffs' claim may be more remote, it is not outside the scope of Rule 55.32.

Through foreclosure, the McMillans regained ownership of the property. The foreclosure, followed by the Woodruffs' refusal to vacate the property, gave rise to the McMillans' suit for possession and holdover damages. Stephen and Randy Woodruff were parties to that suit. The Woodruffs' claim against the McMillans is based upon the premise that the Woodruffs, as

third party beneficiaries of the forebearance agreement, were entitled to retain possession of the real estate. The Woodruffs correctly assert that their claims arose when the McMillans breached their agreement to refrain from foreclosure.

■ Applying the elements of the rule as construed in *J.E. Dunn*, the Woodruffs' claim arose out of the same occurrence, the foreclosure, and concerned the same subject matter, the tract of real estate, involved in the McMillans' ejectment suit. The claims were logically related. The McMillans and the Woodruffs were opposing parties in the ejectment suit, and the court had jurisdiction of all necessary parties. Consequently, the Woodruffs were required by Rule 55.32(a) to assert their claims as counterclaims in the McMillans' action against them.

■ The Woodruffs also seek to avoid the bar of Rule 55.32(a) on the ground that their claim had not yet accrued at the time they filed their answer in the ejectment suit. The point has no merit. A counterclaim accrues and is fully matured when the damage resulting therefrom is sustained and is capable of ascertainment. *Myers v. Clayco State Bank*, 687 S.W.2d 256, 263 (Mo.App.1985). Damage is "capable of ascertainment" whenever it can be discovered or made known. *Id.* "Ascertainment" refers to the fact of damage, rather than to the precise amount. *Id.* The Woodruffs' petition alleges that the McMillans' commencement of foreclosure proceedings breached the alleged agreement to forbear foreclosure, and that the Woodruffs suffered damages as the direct and proximate result of that breach. The foreclosure was completed on October 30, 1985. The Woodruffs' answer in the ejectment action was filed January 16, 1986, eleven weeks later. Although the Woodruffs may not have been able to determine the full amount of their damages, they nonetheless had a matured counterclaim which they were required to plead in the McMillans' ejectment suit.

The Woodruffs' petition for breach of agreement was barred by Rule 55.32(a),

and summary judgment was properly entered in favor of the McMillans.

All concur.