**William J. WAMSGANZ, et al., Plaintiffs–Appellants,**

**v.**

**WASHINGTON COUNTY MERCANTILE BANK, Defendant–Respondent.**

**No. 55963.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 29, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

---

**436** ■

Joe A. Johnson, Arnold, for plaintiffs-appellants.

Albert G. Tindall, Potosi, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from the dismissal of appellants' amended petition as to count II of the petition. We affirm.

On January 3, 1986, Albert Tindall, trustee in two deeds of trust, foreclosed on property held by the appellants at request of respondent Washington County Mercantile Bank. Respondent bought the property at the foreclosure sale. On March 23, 1986 respondent filed an ejectment action against appellants in the Jefferson County Circuit Court. Appellant's answer was a general denial, containing no counterclaim. On July 25, 1986 respondent obtained a judgment in ejectment ordering removal of appellants from the premises.

On September 6, 1986 appellants filed an equitable redemption action against respondent. On February 25, 1987 the Jefferson County Circuit Court sustained respondent's motion to dismiss. Appellants did not appeal that ruling. On January 15, 1988 appellants filed a petition identical to the one filed previously on September 6, 1986. Respondent filed a motion to dismiss on January 28, 1988 on the grounds that appellants were required to raise the issues of ownership and defects of foreclosure at the ejectment hearing of July 25, 1986. On March 10, 1988 appellants filed an amended petition containing two counts. Count one was an identical cause of action as the equitable redemption action first filed September 6, 1986. Count two attempted to set aside the foreclosure sale of January 3, 1986 due to irregularities in the notice of sale. On October 12, 1988 appellants filed a memorandum with the Jefferson County Circuit Court admitting, as to count I of the amended petition, that the proper elements could not be pleaded sufficiently so as to convince the court equitable redemption should be allowed. On November 22, 1988 the court sustained respondent's motion to dismiss with prejudice count II of the amended petition.

■ The issue before us is whether count II of appellants' amended petition may survive even though not pled as a counterclaim in the ejectment action pursued by respondent against appellants. The answer is determined by the application of Rule 55.32(a) dealing with compulsory counterclaims. Rule 55.32(a) states in pertinent part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing

party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Failure to assert a compulsory counterclaim forever bars claimant from having claim heard. V.A.M.R. 55.32(a). *Woodruff v. McMillan,* 752 S.W.2d 493 (Mo.App. 1988). "The term 'transaction' in Rule 55.-32(a) is intended to include all facts and circumstances constituting the foundation of the claim and shall be applied so as to bring all logically related claims into a sin-. gle litigation." *Westoak Realty and Investment, Inc. v. Hernandez,* 682 S.W.2d 120, 124 (Mo.App.1984). The "subject matter" of opposing party's action consists of "physical facts, things real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted." *State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub,* 668 S.W.2d 72, 75 (Mo. banc 1984). Therefore, "transaction" as it appears in Rule 55.32 is to be applied in the broadest sense. *Id.* Applying these elements of the rule to the case at bar we find that appellants claim arose out of the same occurrence, namely the foreclosure sale, and involved the same subject matter, the real estate involved in respondent's ejectment suit heard July 25, 1987. The claims were logically related.

However, this rule operates only in regard to mature claims at the time service of the pleadings of the adversary party are due. *Myers v. Clayco State Bank,* 687 S.W.2d 256, 263 (Mo.App.1985). The claim is mature "when the damage resulting therefrom is sustained and is capable of ascertainment." *Id.* "Damage is sustained and capable of ascertainment whenever it is such that it *can* be discovered or made known." [Emphasis added]. *Kueneke v. Jeggle,* 658 S.W.2d 516, 517 (Mo. App.1983). Appellant's memorandum filed with the Jefferson County Circuit Court on October 12, 1988 stated the counterclaim was omitted from the previous ejectment action through oversight and inadvertence. It is patently obvious, therefore, that these claims were mature at the time of service since appellants were fully capable of ascertaining or discovering them. They just failed to do so.

We find that all the elements of Rule 55.32(a) are satisfied. Appellants' were required by the rule to assert the claims contained in their second amended petition as counterclaims in respondent's ejectment action against them. They are subsequently precluded from raising these claims any time after the ejectment suit and the trial court properly dismissed appellants' claim. Point denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.