Dale E. BEASLEY, Lee Beasley, Harry Bassinson, Dorothy Bassinson, Milton A. George, Martha George, Gerald F. Krug, Rosemary L. Krug, Ben Birenbaum and Rita C. Birenbaum, Plaintiffs/Appellants,

v.

Les MIRONUCK, Trustee, and Mary Fava, Trustee, as Trustees of Quiet Village Subdivision, and City and Village Tax Office, a corporation, Defendants/Respondents.

No. 64572.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 31, 1994.

Rehearing Denied June 30, 1994.

Julius H. Berg, St. Louis, for plaintiffs/appellants.

Stephen L. Beimdick, Richard J. Burke, Jr., St. Louis, for defendants/respondents.

CARL R. GAERTNER, Judge.

Plaintiffs appeal from an adverse judgment in this action which seeks a declaration of invalidity of liens impressed upon plaintiffs' properties. The plaintiffs are the owners of five of the two hundred and twenty-six single family residences in the Quiet Village Subdivision. Defendants are trustees of the subdivision and City and Village Tax Office, a corporation which provides bookkeeping and document processing functions for various homeowners associations in St. Louis County.

In 1987, the then trustees levied a special assessment totaling $100.00 per lot pursuant to the authorization of the Trust Agreement and Indenture of Restrictions of Quiet Village Subdivision (Trust Agreement). A dispute arose concerning approval of the assessment by a majority of lot owners as required by the Trust Agreement. In 1990, certain lot owners, including plaintiffs, filed suit against the trustees, seeking a declaration of invalidity of the assessment and incidental injunctive relief. In August 1992, the Circuit Court entered its judgment and decree upholding the validity of the assessment.

Paragraph 13(i) of the trust agreement provides as follows:

[E]very assessment, from and after the effective date of levy, and with interest thereon, shall constitute a lien or charge

against any lot to which it relates and shall be enforceable by the Trustees against such lot in like manner as is or may be provided by law for the enforcement of equitable liens.... In case any assessment is not paid when due, then, in addition to the amount of said assessment and interest thereon, all costs, attorney's fees and expenses of whatever kind incident to enforcing and collecting said assessment shall also be a lien upon the lot involved and enforceable as such.

Pursuant to this authorization, the trustees directed City and Village Tax Office to apportion the $9,000.00 attorney's fee expense incurred in defending the lawsuit equally among the homeowners who refused to pay or who contested the special assessment and to file liens against their respective properties in that amount. Plaintiffs then instituted this litigation, seeking a declaration of invalidity of these liens for attorney's fees and expenses and praying for damages for slander of title. All parties filed motions for summary judgment supported by affidavits. The trial court granted the motion of the trustees and denied the motion of plaintiffs. The motion of defendant City and Village Tax Office was rendered moot. Plaintiffs appeal from the judgment in favor of all defendants.

### I

■ Plaintiffs' first point on appeal charges trial court error in declaring the liens valid "because the attorney's fees and other expenses incurred by the trustees in defense of the initial declaratory judgment suit were not incurred incident to enforcing and collecting the assessment in that the defense of that suit was not a part of an attempt to collect the assessment." Plaintiffs argue that the trust agreement permits the assertion of a lien only for expenses incurred in "enforcing and collecting" the assessment, not in simply defending a lawsuit challenging the validity of the assessment. This argument borders upon the spurious. It is difficult to imagine how the assessment could be enforced and collected if its validity was not upheld. Thus, defending against the lawsuit which challenged the validity of the

assessment was of necessity "incident to" its enforcement and collection.

It is entirely proper that a trust indenture agreement provide for the payment of the costs and expense of collecting an assessment from the property owners who cause such costs and expense by refusing to pay a validly imposed assessment. Whether that refusal is effected by affirmative action, such as instituting litigation for a declaratory judgment, or by inaction leading to foreclosure, the incurring of additional expense is the same. It is only fair that such additional expense be borne by those few who caused it, not by the property owners who complied with the trustees' actions as authorized by a vote of the majority. Plaintiffs' first point is denied.

### II

In their second point on appeal, plaintiffs argue that the trustees are barred from seeking to collect attorney's fees and expenses arising from the original litigation by the principle of collateral estoppel and by Rule 55.32(a) which provides as follows:

"A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...."

■ As we have noted in part I of this opinion, the incurring of attorney's fees in the defense of the first declaratory judgment action was necessarily incident to the collection and enforceability of the assessment which was the subject matter of that action. Therefore, the trustees' claim for attorney's fees arose out of the same "transaction or occurrence" which served as the basis for the original lawsuit. *See Myers v. Clayco State Bank*, 687 S.W.2d 256, 260–61 (Mo.App.1985).

■ The trustees argue that Rule 55.-32(a) is not applicable because "at the time of the serving of the pleading" they had not incurred all the costs of defending the declaratory judgment action. This argument misconstrues the language and the intent of the rule. It has been held that a claim falls within the limits of the compulsory counter-

claim rule if it has "matured" at the time of the pleading and for this purpose "matured" has the same meaning as the word "accrued" in statutes of limitations. *Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 813–14 (Mo.App.1982). Therefore, a counterclaim has accrued and is fully matured when the damage resulting therefrom is sustained and is capable of ascertainment. *Woodruff v. McMillan*, 752 S.W.2d 493, 496 (Mo.App. 1988); *Myers*, 687 S.W.2d at 263. "Ascertainment" refers to the fact of damage rather than to the precise amount. *Woodruff*, 752 S.W.2d at 496. The moment the trustees consulted attorneys to undertake the defense of the original declaratory judgment action, their claim for attorney's fees and expenses under paragraph 13(i) of the Trust Agreement came into existence. Rule 55.32(a) required that this claim be asserted at the time their pleading was served against plaintiffs. The fact that the full amount of the fees and expenses could not be determined until the time of submission of the case for final decision does not render Rule 55.32(a) inapplicable. In any case where a party is entitled to recover attorney's fees, the claim for such recovery must be pleaded from the outset even though the amount of the entitlement continues to grow throughout the proceedings. The failure to assert such a claim prior to judgment precludes any attempt to present the claim in a later action.

In an effort to avoid the bar of the compulsory counterclaim rule, the trustees argue that because Rule 55.32(a) was not presented to the trial court it may not be asserted for the first time on appeal. The record fails to support this argument. Plaintiffs did argue in the trial court that the trustees had the opportunity to request attorney's fees and expenses from plaintiffs in the original action and that the trustees' failure to do so bars them from reopening a decided case and belatedly asserting such a claim. The fact that the rule was not expressly set forth nor specifically enumerated does not necessitate the conclusion that the issue was not presented to the trial court. In plaintiffs' petition, they alleged that because the "trustees did not seek or receive attorneys fees in the above-referenced declaratory judgment suit" their claim for at-torney's fees is barred. Plaintiffs sought summary judgment because the trustees "at no time filed any counterclaim or other request for attorney's fees and expenses" in the concluded declaratory judgment suit. These allegations are sufficient to invoke the applicability of Rule 55.32(a) in the trial court.

The compulsory counterclaim rule is simply the codification of the principles of *res judicata* and collateral estoppel. Claims and issues which could have been litigated in a prior adjudicated action are precluded in a later action between the same parties or those in privity with them. *See* 20 AmJur2d, Counterclaim, Recoupment, and Setoff § 13 (failure to file counterclaim is *res judicata* of relief that might have been obtained thereby); 3 Moore's Federal Practice ¶ 13.12[1] (compulsory counterclaim rule equivalent to *res judicata*). This is the argument plaintiffs have consistently asserted from the outset of this case.

Relying on *Phillips v. Authorized Investors Group, Inc.*, 625 S.W.2d 917 (Mo.App. 1981), the trustees argue that they could not litigate their claim for attorney's fees and expenses until after filing a lien for unpaid assessments and fees and that they could not file such a lien until the determination of validity of the assessment was final. Such a prior recording of a lien was found to be a prerequisite to suit in *Phillips* only because the language of the trust indenture clearly prescribed a method for the collection of unpaid assessments which included enforcement by a suit to collect an undischarged, recorded lien. *Id.* at 920. No similar language is contained in the Trust Agreement under consideration here. The trustees' reliance on *Phillips* is misplaced.

### III

Plaintiffs' petition in count I prayed for a declaratory judgment regarding the validity of the liens for attorney's fees and expenses and in count II for actual and punitive damages for slander of title. The respective motions for summary judgment filed by all parties submitted both counts to the trial court for judgment. The elements

of a cause of action for slander of title include the malicious publication of false words resulting in pecuniary loss or injury to plaintiff. *Beardsley v. Beardsley,* 819 S.W.2d 400, 406 (Mo.App.1991); *Tongay v. Franklin County Mercantile Bank,* 735 S.W.2d 766, 770 (Mo. App.1987). Nothing in any of the affidavits submitted to the trial court in support of the summary judgment motions showed that any plaintiff suffered a pecuniary loss. Moreover, aside from the conclusory allegation of plaintiffs' petition, which we disregard, no suggestion of malice can be found anywhere in the record. Assuming the filing of a lien in an amount partly in excess of that which the trustees were entitled to collect is sufficient to meet the "false words" requirement of a slander of title action, the record clearly demonstrates nothing more than an honest dispute between the parties. Based upon the record, the trial court did not err in denying plaintiffs' motion for summary judgment on count II and in sustaining the motions of defendants.

Furthermore, plaintiffs' failure to assert in the points relied on or in their argument any contention of trial court error in the ruling on their slander of title claim must be considered an abandonment thereof. *Kabir v. Mo. Dept. of Social Services,* 845 S.W.2d 102, 102–103 (Mo.App.1993).

Accordingly, the judgment of the trial court on count I of plaintiffs' petition upholding the lien for attorney's fees and expenses is reversed, and the cause is remanded with directions to order the amount of the liens impressed upon each lot reduced to the sum of the assessments plus interest. The judgment of the trial court on count II of plaintiffs petition is affirmed. The judgment of the trial court in favor of defendant City and Village Tax Office is affirmed. Costs of appeal assessed one-half against plaintiffs and one-half against trustees.

GRIMM, P.J., and AHRENS, J., concur.