**John L. PORT, Surviving Trustee Under the Laura G. Port Revocable Trust Agreement Dated January 11, 1983, Appellant,**

v.

**MAPLE TREE INVESTMENTS, INC., An Illinois Corporation registered to do business in Missouri, Respondent.**

No. WD 49997.

Missouri Court of Appeals, Western District.

June 13, 1995.

Karl L. Madden, Jr., Moberly, for appellant.

Emily Jane Bailey, Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

KENNEDY, Presiding Judge.

John L. Port, surviving trustee under the Laura G. Port Revocable Trust Agreement dated January 11, 1983, brought this damage action against Maple Tree Investments, Inc., for slander of title of certain real estate belonging to the trust. The trial court dismissed the plaintiff's petition upon defendant's motion, and plaintiff has appealed. We affirm the judgment.

Maple Tree Investments, Inc., defendant in the present case, claimed a deed of trust upon certain real estate belonging to a revocable trust of which Laura Port and John Port were co-trustees. In an earlier proceeding, Maple Tree Investments filed suit for judicial foreclosure of this deed of trust. The trial court determined that Maple Tree Investments had no lien upon the real estate in question, and rendered judgment for the trust. The trial court judgment was affirmed by this court in *Maple Tree Investments, Inc. v. Port*, 821 S.W.2d 562 (Mo.App. W.D.1991), where the background facts are more fully stated.

After that proceeding was concluded, the trust filed the present suit against Maple Tree Investments for slander of its title to the real estate. The trial court dismissed the slander of title petition, on the ground that it was res judicata in that it should have been asserted as a counterclaim in the first suit. The compulsory counterclaim rule is Rule 55.32(a). It reads as follows:

A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if: (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 55.32.

The issue between the parties is whether the slander of title claim was a claim which the Port Trust (defendant in the first suit, plaintiff here) had at the time of serving its responsive pleading in the first case. The trust says its slander of title claim did not mature until the first case was concluded. Maple Tree Investments, on the other hand, says any slander of title claim which the trust had matured upon the filing of the first suit, and it therefore subsisted at the time of the trust's responsive pleading and must have been asserted as a counterclaim at that time.

Maple Tree investments is correct. The case is analogous to *Beasley v. Mironuck*, 877 S.W.2d 653 (Mo.App.E.D.1994). There, some landowners by declaratory judgment action challenged the validity of a special assessment by subdivision trustees. The trustees successfully defended the assessment. Then in a second proceeding, the trustees sought (under the terms of the trust agreement) to recover from the landowners their attorney's fees incurred in the defense of the declaratory judgment action. The landowners claimed (as Maple Tree Investments claims here) any such claim should have been asserted in the original action as a counterclaim under Rule 55.32(a). The trustees made the same argument the Port Trust makes here, namely, that its claim for attorney's fees did not mature until the conclusion

of the earlier proceeding. The Eastern District rejected the trustees' argument, and held their claim was foreclosed by the compulsory counterclaim rule. The following language can appropriately be quoted here:

The trustees argue that Rule 55.32(a) is not applicable because "at the time of the serving of the pleading" they had not incurred all the costs of defending the declaratory judgment action. This argument misconstrues the language and the intent of the rule. It has been held that a claim falls within the limits of the compulsory counterclaim rule if it has "matured" at the time of the pleading and for this purpose "matured" has the same meaning as the word "accrued" in statutes of limitations. *Knight v. M.H. Siegfried Real Estate, Inc.,* 647 S.W.2d 811, 813–14 (Mo.App.1982). Therefore, a counterclaim has accrued and is fully matured when the damage resulting therefrom is sustained and is capable of ascertainment. *Woodruff v. McMillan,* 752 S.W.2d 493, 496 (Mo.App.1988); *Myers* [*v. Clayco State Bank*], 687 S.W.2d [256] at 263 [ (Mo.App.1985) ]. "Ascertainment" refers to the fact of damage rather than to the precise amount. *Woodruff,* 752 S.W.2d at 496. The moment the trustees consulted attorneys to undertake the defense of the original declaratory judgment action, their claim for attorney's fees and expenses under paragraph 13(i) of the Trust Agreement came into existence. Rule 55.32(a) required that this claim be asserted at the time their pleading was served against plaintiffs.

877 S.W.2d at 655–656.

The damages asserted by the Port trust are the expenses of upkeep of the real estate, the inability to complete the sale of the land, and the cost of defending Maple Tree Investment's earlier action. The fact of the damages could be ascertained at the time of the filing of the Maple Tree Investments's lawsuit, even though the amount of the damages could not be determined until later.

The Port trust claim for slander of title should have been asserted as a counterclaim in the first proceeding, and it is foreclosed by Rule 55.32(a) from assertion in a later independent lawsuit.

Judgment affirmed.

All concur.