Hobert W. FISCHER, Plaintiff-Appellant,

v.

Allan R. BROWNE and Robert A. Dakopolos, Defendants-Respondents.

No. KCD 30124.

Missouri Court of Appeals,
Western District.

July 31, 1979.
Rehearing Denied Sept. 4, 1979.

Hobert W. Fischer, pro se.

Don B. Roberson, Robert G. Sachse, Kansas City, for respondent Browne; Shughart, Thomson & Kilroy, Kansas City, of counsel.

Before DIXON, P. J., TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

This appeal is from an order of the circuit court which sustained both of the defendants' motions for summary judgment. The appellant, plaintiff below, filed a petition for malpractice against Allan R. Browne, respondent, and Robert A. Dakopolos, respondent, both practicing attorneys. The claim relates to a suit filed on behalf of plaintiff by defendant Allan R. Browne against plaintiff's former employer, the Missouri Pacific Railroad Company, and plaintiff's union, The Brotherhood of Railroad Trainmen. The parties will be referred to as they were designated in the circuit court.

Plaintiff's petition was filed pro se and his appeal has been prosecuted pro se. A respondent's brief has been filed on behalf of defendant Allan R. Browne, but no brief has been filed on behalf of respondent, Robert A. Dakopolos. The brief of the plaintiff is totally inadequate to comply with the rules of procedure concerning briefs. Despite the clear and total violation of Rule 84.04 and all of its subparts, the defendants' motion to dismiss the appeal will be denied. Under the provisions of Rule 84.08, this court will waive compliance with the provisions of Rule 84.04 and consider the appeal on its merits.

If the plaintiff's pro se petition stood alone, it would be impossible to ascertain the basis for his claim. However, both defendants failed to file a motion to dismiss and engaged in extensive discovery resulting in a fairly clear definition of plaintiff's claims. Simply put, the plaintiff claims that the defendant, Allan R. Browne, was negligent in failing to pursue plaintiff's administrative remedies under a collective bargaining agreement before filing suit. As to the defendant, Robert A. Dakopolos, plaintiff asserts he was negligent in failing to take an appeal in the underlying litigation after defendant, Allan R. Browne, withdrew from the case and defendant, Robert A. Dakopolos, undertook the representation. To understand the claims of the plaintiff, it becomes necessary to give an extensive chronological review of the circumstances of the initial claim for wrongful discharge and the various legal proceedings which followed.

This recital of proceedings has been made difficult by the various exhibits filed by the plaintiff which have no relevancy to the issues. One hundred eleven exhibits were filed originally, consisting primarily of letters from the plaintiff to various officials seeking assistance with his legal problems and correspondence with federal agencies concerning his claim under the federal law affecting railroad employees. Plaintiff has likewise filed what purports to be complete copies of the court files in the underlying circuit court litigation, but they are not complete nor are they in order. To be sure that the chronology of events recited herein is correct, the original court files have been examined fully. The following statement of fact is taken both from the materials supplied by the plaintiff in connection with this appeal, and from the original court files of the Jackson County Circuit Court.

On February 9, 1964, anonymous calls were made to railroad officials from a phone located in the freight yard in Kansas City. An investigation was made on February 11, 1964 concerning the responsibility of the plaintiff for the telephone call. Upon the basis of that investigation, the plaintiff was dismissed from the service of the Missouri Pacific Railroad.

Pursuant to the provisions of the union contract, the Brotherhood of Railroad Trainmen proceeded to process a grievance for plaintiff. This was disallowed by the division superintendent and a subsequent appeal was made to the general manager.

In accordance with the procedures of the union contract, the general chairman of the union and the general manager of the railroad were the appropriate parties to that appeal. In December of 1964, the union withdrew its support for the grievance. There were apparently other procedures available for review of the claimed grievance, a detailed recitation of which is unnecessary for the purposes of this opinion.

The plaintiff then contacted Allan R. Browne who undertook to represent him in an appeal within the union to reverse the union's decision to abandon the grievance. Mr. Browne did, in fact, appear before the appropriate tribunal of the union, and that board refused to take any further action in connection with the plaintiff's grievance against the Missouri Pacific.

Mr. Browne then filed a lawsuit in the Circuit Court of Jackson County, Missouri, No. 676763, "Hobert W. Fischer v. The Brotherhood of Railroad Trainmen, et al.," the general theory of which was an action in contract against the union for failing to provide plaintiff with appropriate representation as provided in the union agreement. That case was removed to the United States District Court for the Western District of Missouri and, thereafter, was dismissed without prejudice.

Mr. Browne then filed a subsequent action, No. 707638, "Hobert W. Fischer v. Brotherhood of Railroad Trainmen and Missouri Pacific Railroad Company," which was removed to the Federal District Court but, on order of the Federal District Court, was remanded to the Circuit Court of Jackson County, Missouri. That case was in contract against the union and for wrongful discharge against the railroad. The case continued upon the docket of the Jackson County Circuit Court and was at various stages handled by various of the circuit judges in Jackson County.

In the year 1969, settlement negotiations were undertaken between the attorneys for the Missouri Pacific Railroad and Mr. Browne. Mr. Browne communicated to the plaintiff an offer to settle and compromise the litigation for $2,000, which the plaintiff refused to accept.

On February 20, 1970, Mr. Browne wrote to the plaintiff and informed him that he was withdrawing from the case. That withdrawal was accomplished by a written withdrawal consented to by the court on March 3. Mr. Browne had no further connection with the litigation. There can be no doubt that Mr. Browne's withdrawal was clearly and unequivocally communicated to the plaintiff.

The defendant Dakopolos apparently accepted employment by the plaintiff at some point after Mr. Browne withdrew, but did not enter a formal entry of appearance until shortly before final disposition of the case. The file reflects that despite defendant Dakopolos' failure to formally enter his appearance, the attorneys for the union and for the railroad were aware of his representation, as was the circuit court. Mr. Dakopolos was informed of the various proceedings in the case by service of the necessary papers upon him.

By August of 1970, the case had reached the docket of Judge Stubbs in the circuit court and was pending upon motions for summary judgment filed by the railroad and the union. These motions had been filed and briefed by the parties and were under submission to Judge Stubbs. On August 14, 1970, Judge Stubbs communicated with all of the attorneys in the case his order of that date sustaining the motions for summary judgment and requesting that appropriate judgment entries be prepared in the case. Those judgment entries were filed on September 22, 1970. The order and judgment entry is dated and signed by the judge as entered on that date, but it is clear from the original entry in the case that he determined and ruled the motions for summary judgment on August 14, 1970 and so advised all of the attorneys in the case.

The issue raised by the motions for summary judgment was whether or not the plaintiff had exhausted his administrative remedies before filing his suit for wrongful discharge and for breach of contract. The merits of Judge Stubbs' ruling do not need to be examined here, nor is any implication

intended with respect to the propriety or correctness of that order by this court.

As noted, the plaintiff filed his pro se action for damages against the defendants, Allan R. Browne and Robert Dakopolos, on September 19, 1975. Both of the defendants filed motions for summary judgment in that suit, which is the subject of the instant appeal. The matter came on before Judge O'Leary for determination of the issues raised by those motions which were, that the pleadings of the plaintiff did not state the cause of action and that the cause of action attempted to be asserted was barred by § 516.100 RSMo 1969. By that time, an attorney had entered his appearance in the case representing the plaintiff. In December of 1977, Judge O'Leary entered an order denying the motions for summary judgment. Judge O'Leary's order makes it clear that he was not considering the ground of failure to state a cause of action because he believed that the defendants had failed to file a motion to dismiss under Rule 55.27 to properly present that issue to the court.

The cause was then set for trial in the division of Judge Marsh and, thereafter, was transferred to Division 14 and, in February of 1978, a hearing was held before Judge Meyers. Evidence was presented by the plaintiff, and various exhibits were introduced by the defendants. Judge Meyers then entered an order sustaining the motions for summary judgment on the sole ground that the plaintiff's cause of action was barred by §§ 516.100 and 516.120 RSMo 1969.

At the hearing before Judge Meyers, the defendants objected to plaintiff's testimony on the grounds that he had not contested the affidavits filed by defendants in support of their motions for summary judgment, but Judge Meyers permitted the plaintiff to testify. The substance of this testimony constituted an admission by the plaintiff that his claim against Allan R. Browne was predicated upon Browne's failure to pursue his administrative remedies for his dismissal by the Missouri Pacific thus causing Judge Stubbs to sustain the

motions for summary judgment in that litigation. The plaintiff further admitted that Browne had had no connection with the case since Browne's withdrawal in early 1970, some months prior to the order by Judge Stubbs.

■■■■ Before undertaking to determine the propriety of Judge Meyers' order sustaining the motions for summary judgment on the theory that the plaintiff's claim was barred by the statute of limitations, some discussion of the appropriate and controlling legal principles is necessary. A statute of limitations constitutes an absolute bar to an action, however meritorious, if the appropriate period of limitations has elapsed. There can be no dispute that the period of limitation that applies to this case is that prescribed by § 516.120, a period of five years. The critical issue in this case, as in most cases involving the statute of limitations, is the interpretation and application of § 516.100, which reads as follows:

"516.100. Period of limitation prescribed.—Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."

The quoted language declares that the period of limitations begins "when the damage resulting therefrom is sustained and is capable of ascertainment." That language as it applies to causes of action for malpractice by attorneys has been interpreted and applied by the Supreme Court of Missouri in *Jepson v. Stubbs*, 555 S.W.2d 307 (Mo. banc 1977). In that case, the plaintiff argued that the statute of limitations should not begin to run until the *discovery* by a plain-

tiff that his attorney had committed an act of malpractice. The Supreme Court held that the language of § 516.100, quoted above, established a "capable of ascertainment" test for the application of statutes of limitation. That test is set forth in *Chemical Workers Basic Union v. Arnold Savings Bank*, 411 S.W.2d 159 (Mo. banc 1966), where the court also rejected the argument that the statute of limitation should run upon discovery of the harm. The court in *Jepson, supra* at 313, pointed out that the legislature had, in fact, provided for a discovery test in cases of fraud, § 516.120(5) and in § 516.105 for medical malpractice and that if the legislature intended for a discovery theory or test to be applied to actions against attorneys, it would have so provided. The court in *Jepson* pointed out that the court was without authority to rewrite the statute and provide a different test in the special case of malpractice by attorneys. Thus, put in plain and simple language, the question becomes whether or not the damages which plaintiff claims he received were capable of ascertainment more than five years prior to September 19, 1975, the date upon which he filed his lawsuit against defendants Browne and Dakopolos. Upon the authority of the cited cases, the discovery of the damages by plaintiff is immaterial.

■ As to the defendant, Allan R. Browne, it is clear that the plaintiff's claim is that Browne failed to properly pursue the administrative remedies available to the plaintiff resulting in Judge Stubbs' ruling of August 14, 1970, sustaining the motions for summary judgment filed by the railroad and the union against the plaintiff's claim for wrongful discharge and breach of contract. While it might be argued that the alleged damages from such action by the defendant Allan R. Browne were ascertained as soon as the motions for summary judgment were filed—since the motions clearly and unequivocally raised the issue and the plaintiff was personally served—that early date need not be considered in this case. Under the facts of this case, it was clear that the claimed damage was capable of ascertainment when Judge Stubbs' order sustaining the motions for summary judgment was entered on the 14th of September, 1970.

For the limited purpose of determining the propriety of the trial court's action in finding that the statute barred plaintiff's claim, it has been assumed that some action or inaction of Allan R. Browne constituted negligence. That assumption should, in no way, be interpreted as a holding by this court that such negligence existed or that plaintiff suffered any damage. To the contrary, the record demonstrates that Allan R. Browne was a zealous and competent advocate for the plaintiff. Thus, even if an assumption of negligence be indulged, the claimed damages were ascertainable on September 14, 1970. The filing of plaintiff's malpractice action five years and five days later, on September 19, 1975, was barred by the statute of limitation.

■ The claim of the plaintiff with respect to defendant Dakopolos' failure to perform his duties as the plaintiff's attorney relates to the failure to file a notice of appeal and perfect an appeal on behalf of the plaintiff from Judge Stubbs' order of August 14, 1970. No damage would have been sustained by the plaintiff for this particular claim of negligence on the part of his attorney until the time for filing of an appeal from Judge Stubbs' order had expired. The order became a final judgment on September 14, 1970, and the time for filing a notice of appeal would have expired on September 24, 1970. Therefore, the plaintiff's cause of action did not accrue until that date. Upon that basis, the plaintiff's claim against the defendant Dakopolos is not barred by the 5-year statute of limitations since his cause of action was filed on September 19, 1975, less than five years from the date when that cause of action accrued and the damage, if any, was sustained. Again, it must be noted that this opinion is not an expression by this court that Robert A. Dakopolos was negligent or that plaintiff was damaged. The determination of those issues must await the trial of the issue.

The judgment of the Circuit Court sustaining the motion of Allan R. Browne for summary judgment is sustained, and the judgment of the Circuit Court sustaining the motion for summary judgment filed by Robert A. Dakopolos is reversed. The cause is remanded to the Circuit Court for further proceedings on plaintiff's claim against the defendant Robert A. Dakopolos.

All concur.