John C. KUENEKE, Sr., and Lucille W. Kueneke, Plaintiffs-Appellants,

v.

George JEGGLE, Fireman's Fund Insurance Company, and Associated Indemnity Corporation, Defendants-Respondents.

No. 46184.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 20, 1983.

James L. Thomas, Clayton, for plaintiffs-appellants.

Joseph H. Mueller, Sheila M. O'Brien, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for defendants-respondents.

GEORGE A. ADOLF, Special Judge.

Plaintiffs appeal from a trial court order dismissing their petition on the ground that their action is barred by the statute of limitations.

On August 2, 1971, appellant John C. Kueneke, Sr. and Virginia I. McLain, a minor, were involved in an automobile accident. Kueneke was insured by respondent Associated Indemnity Corporation.

On November 30, 1971 McLain, by her mother as next friend, sued Kueneke for injuries arising from the accident. Respondent Jeggle, an attorney and employee of Associated Indemnity Corporation, represented Kueneke in this action. Jeggle filed an answer on behalf of Kueneke, waiving the issuance and service of summons, enter-ing his appearance, and denying the allegations in the petition. McLain obtained a judgment against Kueneke for $1,500 in a "friendly suit."

Kueneke filed an action against McLain on November 19, 1975, claiming damages from injuries resulting from the accident. McLain moved to dismiss for failure to assert a compulsory counterclaim in the action originally brought by McLain against Kueneke. The motion to dismiss was sustained on May 23, 1980.

On May 16, 1981, Kueneke filed suit against respondents, claiming that respondents were negligent in failing to adequately represent Kueneke in McLain's suit against Kueneke. Kueneke alleged that respondents failed to notify him of McLain's action against him, failed to notify him of the need to raise and plead any compulsory counterclaim, and failed to preserve any rights that Kueneke may have had against McLain. Respondents' motion to dismiss, asserting that appellant Kueneke's claim was barred by the statute of limitations, was sustained on July 28, 1982.

Count I of appellants' petition attempted to state a cause of action for negligence or malpractice. Appellants' claim is barred, however by the applicable five year statute of limitations, § 516.120(4) RSMo 1978. The cause of action accrues, not when the wrong is done, "but when the damage resulting therefrom is sustained and is capable of ascertainment." § 516.100, RSMo 1978. Section 516.100 governs application of § 516.120(4) to cases of malpractice by attorneys. *Jepson v. Stubbs,* 555 S.W.2d 307, 312 (Mo. banc 1977); *Fischer v. Browne,* 586 S.W.2d 733, 737 (Mo.App.1979).

Damage is sustained and capable of ascertainment whenever it is such that it can be discovered or made known. *Chemical Workers Basic Union v. Arnold Savings Bank,* 411 S.W.2d 159, 164 (Mo. banc 1966); *Gruenewaelder v. Wintermann,* 360 S.W.2d 678, 690 (Mo.1962); *Rippe v. Sutter,* 292 S.W.2d 86, 90 (Mo.1956).

Appellants' damage, if any, was sustained and capable of ascertainment on De-

cember 15, 1971, the date judgment was entered on the original suit, *McLain v. Kueneke*.[1] *See Gruenewaelder v. Wintermann*, 360 S.W.2d at 690; *Fischer v. Browne*, 586 S.W.2d 733, 737 (Mo.App.1979). Since the present suit was filed long after the five year period had expired, the trial court correctly sustained the motion to dismiss on the negligence or malpractice count.

Appellants claim that Counts II and III of their petition stated a cause of action for fraud. Count II incorporated the charges of negligence and malpractice against respondents and added that defendants and their agents "faudently" [sic] assured appellants, prior to appellant filing his cause of action against McLain on November 19, 1975 that they had preserved any and all rights appellant had against McLain.

Count III added that respondents knew that they had not preserved appellants' rights against McLain at the time they gave the assurances. Appellants alleged that these acts were willful, wanton and malicious entitling them to punitive damages. Granting the petition its broadest intendment, and liberally construing it as an action for fraud, it is still barred by the statute of limitations.

■ Section 516.120(5) RSMo 1978 provides a five-year statute of limitations for "an action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." The five-year statute does not begin to run, then, until the point of discovery, or if no discovery has occurred, at the end of ten years from the date of the fraud. *Berry v. Dagley*, 484 S.W.2d 182, 184 (Mo.1972); *Anderson v. Dyer*, 456 S.W.2d 808, 811–12 (Mo.App.1970).

■ A cause of action for fraud accrues when knowledge of the facts constituting the alleged fraud is acquired. *Gruenewaelder v. Wintermann*, 360 S.W.2d at 689.

Appellants' petition fails to state how they made the discovery or the circumstances revealing the fraud. When discovery is relied upon to toll the statute, the pleading should aver when it was made, and why it was not made sooner. *Gilliam v. Gohn*, 303 S.W.2d 101, 107 (Mo.1957); *Womack v. Callaway County*, Mo., 159 S.W.2d 630, 632 (1942); *Brown v. Irving-Pitt Mfg. Co.*, 316 Mo. 1023, 1028, 292 S.W. 1023, 1025 (1927).

■ Any fraud would have occurred before the filing of Kueneke's suit against McLain on November 19, 1975. Appellants claim on appeal, but did not so plead, that they did not discover the fraud until May 23, 1980, when the suit against McLain was dismissed. However, after the petition against McLain was filed in 1975, McLain filed a motion to dismiss for failure to assert a compulsory counterclaim in the friendly suit. Appellant was represented by counsel when he filed suit in 1975, and in the present petition asserts that respondents assured him prior to filing the 1975 action, that his rights against McLain were preserved. When appellant filed suit on November 19, 1975, his counsel must have had knowledge of the events leading to the judgment in the friendly suit. Appellant is deemed cognizant of or conversant with facts that should have been known and is held to have known facts that he could, by exercise of ordinary care commensurate with the circumstances, discover by due diligence or other means within his power. *Gilliam v. Gohn*, 303 S.W.2d at 107; *Brown v. Irving-Pitt Mfg. Co.*, 292 S.W. at 1025. Since this action was not filed until May 16, 1981, it is barred by § 516.120(5). In any event, appellants' pleadings are fatally defective in failing to plead the date of discovery or due diligence. *Gilliam v. Gohn*, 303 S.W.2d at 107.

■ Finally, appellants argue that the statute of limitations as to fraud was tolled by § 516.280 RSMo 1978, which provides that improper acts such as fraudulent concealment, preventing the commence-

---

1. For appellant to prevail in this legal malpractice action, he must establish not only Jeggle's alleged professional negligence, but also that Jeggle's professional negligence proximately caused damage to him. *Eddleman v. Dowd*, 648 S.W.2d 632, 633 (Mo.App.1983).

ment of a cause of action will toll the applicable statute of limitations. However, § 516.280 does not apply to toll the statute of limitations for fraud, § 516.120(5). *Anderson v. Dyer,* 456 S.W.2d at 813.

We affirm the trial court order sustaining respondents' motion to dismiss.

GAERTNER, P.J., and DON KENNEDY, Special Judge, concur.