**Edward MURRAY, Individually and by Assignment of Rights of Marge Murray, Plaintiff–Appellant,**

v.

**James FLEISCHAKER, Defendant–Respondent.**

No. 21020–1.

Missouri Court of Appeals,
Southern District,
Division One.

May 30, 1997.

Motion for Rehearing and Transfer Denied June 23, 1997.

Application to Transfer Denied Aug. 19, 1997.

Laurett Tedders, Clinton Township, MI, for plaintiff-appellant.

John Mollenkamp, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for defendant-respondent.

BARNEY, Presiding Judge.

Appellant Edward Murray (Plaintiff) appeals from an order of the Circuit Court of Jasper County, Missouri, which dismissed two counts from his first amended petition alleging legal malpractice against his former attorney, and the striking of paragraph five from his first amended petition which was factually related to the dismissed counts. The trial court made a finding that there was no just reason to delay appeal from this Order. *See* Rule 74.01(b).[1] Left pending with the trial court are four remaining counts of the first amended petition, not pertinent to this appeal.

Plaintiff commenced this action by filing a petition on October 30, 1992, alleging two counts of legal malpractice against James Fleischaker (Defendant). Plaintiff amended his petition on June 14, 1995, to allege post-trial legal malpractice, one count of breach of contract, breach of fiduciary duty, and conversion. These are the remaining counts pending with the trial court at the time of this appeal.

On April 18, 1996, the trial court dismissed counts I and III and struck paragraph five from Plaintiff's first amended petition, which tracked the same set of facts as related to the dismissed counts, because it found that the five-year statute of limitations had ex-

pired as to those counts arising from legal malpractice at trial.[2]

To help place this matter in its proper perspective, a brief recital of the events leading to this appeal is necessary.

Defendant is an attorney who represented Plaintiff in an underlying matter. A judgment in that matter was entered against Plaintiff on October 2, 1987.

On October 30, 1992, Plaintiff filed a *pro se* petition alleging two counts of legal malpractice against Defendant. On December 4, 1992, Defendant filed a motion to dismiss Plaintiff's petition based on, *inter alia*, the statute of limitations. On March 25, 1993, a hearing was scheduled on Defendant's motion to dismiss, but Defendant made a motion for continuance. That motion was granted. On April 15, 1993, an attorney entered his appearance on behalf of Plaintiff.

For reasons that are less than clear from the record, this matter laid dormant until January 26, 1995, when Defendant filed a motion to dismiss for failure to prosecute. Almost immediately thereafter, Plaintiff's attorney filed a motion to withdraw, which was granted.

On June 14, 1995, Plaintiff's present attorney entered her appearance on behalf of Plaintiff and filed Plaintiff's first amended petition in six counts against Defendant, heretofore set out.

On March 20, 1996, a hearing was held and the parties presented oral arguments regarding the pending motions. At the conclusion of the hearing, the court took the matter under advisement. On the same day of the hearing, Plaintiff filed a request to the court to issue twenty-nine findings of fact and conclusions of law.

On April 18, 1996, the court issued its order, together with twenty-nine findings of fact and conclusions of law, pursuant to Plaintiff's request. In the court's order, it dismissed counts I and III and struck paragraph five from Plaintiff's first amended peti-

---

1. All Rule references are to the Missouri Rules of Civil Procedure (1996), unless otherwise indicated.

2. *See* § 516.120(4). All statutory references are to RSMo 1994, unless otherwise indicated.

tion because it found that the allegations contained therein were barred by the statute of limitations.

On July 8, 1996, Plaintiff motioned the trial court to amend its order to find that there was no just reason to delay an appeal, pursuant to Rule 74.01(b). The court sustained Plaintiff's motion and signed an order which recited that "there is no just reason to delay appeal as to *dismissed counts* pursuant to Rule 74.01(b)." (emphasis added).

## I.

Plaintiff raises five points of trial court error. We discuss them out of order for the sake of clarity.

In Point Two Plaintiff argues that the court erred in finding that counts I and III were barred by the statute of limitations and that only a jury should have made such a determination. In Point Four, Plaintiff maintains that the court erred in striking paragraph five from his first amended petition because it also related to the other counts which the court had not stricken. In his remaining Points One, Three and Five, respectively, Plaintiff complains of court error in its *findings of fact* and conclusions of law relating to: (a) discovery matters; (b) in declaring that Plaintiff could not pursue a cause of action allegedly assigned to him by Marge Murray arising from the same facts; and (c) by the court's concluding that Missouri law did not support Plaintiff's request for summary disposition against Defendant for [his] [delays/refusal] to answer discovery requests.

██ As a preliminary matter, however, this Court must determine whether Points One, Three and Five that Plaintiff raises relate to a final judgment. An appellate court has jurisdiction only over final judgments. *In re Marriage of McMillin*, 908 S.W.2d 860, 862 (Mo.App.1995) (citing § 512.020, RSMo 1994); Rule 74.01. Where there are multiple claims and the trial court expressly finds that there is no just reason to delay an appeal from an order which dismisses fewer than all claims, then an appeal from that order may be proper. *Id.* at 863 n. 6; *see also* Rule 74.01(b). The trial court in the instant matter, however, made an express determination that there was no just reason to delay appeal only as to the dismissed counts, i.e., counts I and III of the first amended petition, pursuant to Rule 74.01(b).

██ Additionally, in Points One, Three and Five, Plaintiff asks this Court to review the trial court's findings of fact and conclusions of law. However,

[a] finding of fact precedes judgment, and constitutes an opinion for the ground of judgment [Rule 73.01], but it is not a final determination of the rights of the litigants in the subject matter of the action. Only a judgment is that.... The efficacy of judgment, therefore, does not reside in any prefatory statement of reason or recital but in the mandate of the decree.

*Spence v. Spence,* 922 S.W.2d 442, 443 (Mo. App.1996) (citation omitted). That portion of the court's Order relating to the findings of fact and conclusions of law does not constitute an appealable order. *See id*; *see also Wilhoit v. Wilhoit,* 599 S.W.2d 74, 78 (Mo. App.1980).

This Court is, therefore, without jurisdiction to review those issues raised in Points One, Three and Five of Plaintiff's Brief on Appeal. We therefore will review only the issues raised in Points Two and Four.

## II.

██ Our scope of review of an order dismissing a cause of action was set forth in *Herch v. Cronen, D.O.,* 904 S.W.2d 453, 454 (Mo.App.1995):

In reviewing the dismissal of a petition, the pleading is allowed its broadest intendment, all facts alleged are treated as true, and all allegations are construed favorably to the plaintiff. Furthermore, bar of a statute of limitations is an affirmative defense and when a petition does not show on its face that it is barred by limitations, a motion to dismiss should not be sustained.

*Id.* (citations omitted). For an affirmative defense to be sustained merely upon a motion to dismiss, the defense must be irrefutably established by plaintiffs' pleadings. *See Lehnig v. Bornhop,* 859 S.W.2d 271, 272 (Mo.

App.1993); *see also Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. banc 1997). Our review therefore is limited to a review of Plaintiff's pleadings to determine whether counts I and III and paragraph five are barred by the applicable statute of limitations as a matter of law. *See* § 516.120(4). A determination of when the statute of limitations is put in motion is a question of law. *M & D Enters., Inc. v. Wolff,* 923 S.W.2d 389, 394 (Mo.App.1996). It is, therefore, not a jury question because the role of a jury resides in resolving disputed questions of fact, not law. *See, e.g., Finn v. Newsam,* 709 S.W.2d 889, 892–93 (Mo.App.1986).

It was alleged in counts I and III of Plaintiff's first amended petition that Defendant committed legal malpractice in an underlying trial.

Section 516.120(4) requires that an action for legal malpractice be brought within five years from when the action accrues. Section 516.100 explains how to determine when the action accrues:

> the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

■ Damage is sustained and capable of ascertainment for purposes of statute of limitations when it can be discovered or made known, even though the amount of damage is unascertained. *M & D Enters., Inc.,* 923 S.W.2d at 394. "When the *fact of damage* becomes capable of ascertainment, the statute of limitations is put in motion." *Id.* The test is when the plaintiff could have first successfully maintained the action. *Id.* Moreover, the extent of damage may be dependent on uncertain future events, but this has " 'never been held to preclude the filing of suit' " or delay the accrual of a claim for the purposes of statute of limitations. *Id.* (quoting *Dixon v. Shafton,* 649 S.W.2d 435, 439 (Mo. banc 1983)).

The instant case is similar to what the court faced in *Kueneke v. Jeggle,* 658 S.W.2d 516 (Mo.App.1983). In *Kueneke,* the court held that "[a]ppellants' damage, if any, was sustained and capable of ascertainment on December 15, 1971, the date judgment was entered on the original suit." *Id.* at 517–18. In a legal malpractice claim, damage is sustained and capable of ascertainment whenever it is such that it can be discovered or made known. *Id.* at 517.

The court in *Fischer v. Browne,* 586 S.W.2d 733 (Mo.App.1979) reached a similar conclusion. In *Fischer,* the court held that it was clear that the claimed damage from legal malpractice was capable of ascertainment when the judge granted summary judgment. *Id.* at 737. Furthermore, the test is not when were the alleged damages discovered, but rather, when were the damages *capable* of ascertainment. *Id.* (emphasis added).

■ In the instant case, the judgment in the underlying matter was entered against Plaintiff on October 2, 1987. There was no allegation in Plaintiff's pleadings or brief that he was not aware on October 2, 1987, that a judgment had been entered against him. Plaintiff's damage, if any, was therefore capable of ascertainment no later than the date of judgment. This was also the date upon which Plaintiff could have first successfully maintained the action. *See M & D,* 923 S.W.2d at 394. Thus, on October 2, 1987, the statute of limitations was set in motion. Plaintiff filed his petition for legal malpractice against Defendant on October 30, 1992, five years and twenty-eight days later.

Accordingly, counts I and III of Plaintiff's first amended petition were barred by the statute of limitations. *See* § 516.120(4). Plaintiff's arguments that his cause of action accrued sometime after judgment was entered are without merit. Therefore, the trial court's order dismissing counts I and III from Plaintiff's first amended petition is affirmed. Point denied.

■ In Plaintiff's fourth point of error, he argues that it was error for the trial court to strike paragraph five from his first amended petition. Plaintiff's pleading reveals that paragraph five related to the alleged legal malpractice which occurred during the un-

derlying trial. We have already affirmed the trial court's dismissal of the counts pertaining to that alleged conduct. Therefore, the allegations contained in paragraph five were immaterial and were properly stricken. *See* Rule 55.27(e); *see also Hummel v. Metro. St. Louis Sewer Dist.*, 782 S.W.2d 451, 453 (Mo. App.1990). Point denied. Plaintiff, however, is free to seek leave from the trial court to amend his pleadings, if necessary, so that sufficient facts are alleged to support his remaining counts. *See* Rule 55.33.

The judgment of the trial court is affirmed.

PREWITT and GARRISON, JJ., concur.